■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERCIVAL BAILEY, Appellant. [657 NYS2d 977] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered December 5, 1994, convicting him of unauthorized use of a vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 12, 1994, two marked patrol cars followed a stolen 1993 Honda into the parking garage of Kings Plaza Mall in Brooklyn. As the car came to a stop, the defendant ran from the driver's side of the vehicle into the mall, where he collided with a mall security guard and fell into a store window. The officer who caught the defendant in the mall testified that

he had seen the defendant exit the driver's side of the stolen automobile and did not lose sight of the defendant until he placed the defendant in handcuffs in the mall. The other officer who arrested the defendant testified that when he first looked through the front windshield of the car he saw the defendant in the driver's side of the vehicle. He also saw the side profile of the defendant when he exited the vehicle.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.